GREGORY L. KIRAKOSIAN (SBN 294580)
 [greg@kirakosianlaw.com]
ASTINA T. SHAKILYAN (SBN 339649)
 [tina@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiff,*
ANDRAE WATSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRAE WATSON,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY OF VALLEJO, OFFICER SARAH PHIPPS, and DOE OFFICERS 1 - 10,<br><br>            Defendants, | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Search and Seizure (42 U.S.C. § 1983);<br>2. Excessive Force (42 U.S.C. § 1983);<br>3. False and Malicious Investigation and Prosecution (42 U.S.C. § 1983);<br>4. Negligence;<br>5. False Arrest / Imprisonment;<br>6. Battery;<br>7. Violation of the Bane Act (Cal. Civ. Code § 52.1);<br><br>**DEMAND FOR JURY TRIAL** |

**KIRAKOSIAN LAW, APC**

## INTRODUCTION

1.      Plaintiff Andrae Watson ("Plaintiff"), hereby files this Complaint for Damages against the City of Vallejo, Officer Sarah Phipps, and DOE Officers 1 - 10. As discussed in further detail herein, this Complaint arises out an incident that occurred on January 18, 2025, at approximately 11:00 PM, at or near El Dorado St and Pennsylvania St, in the City of Vallejo, in the County of Solano.   Plaintiff alleges that the Defendants' conduct constituted or led to the violation of Plaintiff's Fourth Amendment rights and accompanying State law violations.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff's claims arises under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983.

3.      This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Solano, California, and because all Defendants reside in the County of Solano, California.

## PARTIES AND GENERAL ALLEGATIONS

5.      At all relevant times, the individual Plaintiff Andrae Watson was residing in the County of Solano, California.

6.      At all relevant times, Officer Sarah Phipps and DOE Officers 1 - 10 were individuals residing in the County of Solano, California. Hereinafter, these Defendants will be referred to collectively as the "Individual Officers."

7.    At all relevant times, the Individual Officers were acting under the color of law within the course and scope of their employment and duties as agents for Defendant City of Vallejo. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Vallejo. Pursuant to California Government Code Section 815.2, Defendant City of Vallejo is vicariously liable for the acts, omissions and conduct of its employees.

8.    At all relevant times, Defendant City of Vallejo is and was a governmental entity organized and existing under the laws of the State of California in the County of Solano, California. Herein after, the Individual Officers and City of Vallejo will be collectively referred to as "Defendants".

9.    At all relevant times, City of Vallejo is and was a chartered subdivision of the State of California with the capacity to be sued. City of Vallejo is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Officers. At all relevant times, Defendant City of Vallejo was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Officers.

10.    Defendant City of Vallejo was timely served with a claim for damages on or about May 27, 2024, pursuant to California Government Code §§ 910 and 911, *et seq.*  The claim for damages was rejected on or about 45 days thereafter.  In accordance with Government Code § 945.6, Plaintiff hereby timely file this Complaint within six months of the date of that rejection.

11.    The true names and/or capacities of the Individual Officers designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE

KIRAKOSIAN  LAW, APC

Defendants when their names are ascertained.

12.    Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times,   each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

13.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein. Plaintiff

14.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

15.    Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## SHORT STATEMENT OF INCIDENT

16.    The "Incident" at issue in this action occurred on January 18, 2025, at approximately 11:00 PM, at or near El Dorado St and Pennsylvania St, in the City of Vallejo, in the County of Solano.

17.    Prior to any law enforcement interaction, the Plaintiff was lawfully

KIRAKOSIAN LAW, APC

driving in his vehicle and had not committed any traffic violations. Plaintiff alleges that the Defendants' purported basis to initially stop/approach Plaintiff was without any reasonable suspicion or probable cause.

18.    While lawfully driving, Plaintiff noticed lights and sirens in his rearview mirror. Plaintiff promptly complied and pulled over upon seeing Officer Phipps' lights and sirens. Officer Phipps and other Individual Deputies used an extreme show of force by drawing their weapons upon Plaintiff and ordering him out of the vehicle. Plaintiff would later learn that Officer Phipps would falsely accuse Plaintiff of committing a traffic violation followed by an alleged attempt to evade her. Officer Phipps' body-worn video ("BWV") and digital in-car video footage ("DICV") blatantly contradict Officer Phipps' assertions so that no reasonable officer or juror would find any reasonable suspicion, probable cause, or any justifiable basis to engage in the conduct alleged herein.

19.    After the Plaintiff was secured and arrested for allegedly evading an officer, the Plaintiff's person and vehicle were unlawfully searched. No evidence of any criminal activity were found. At around 11:45 PM, the Plaintiff was transported to the Solano County Jail, where the Individual Officers unlawfully performed a mouth swab to obtain a DNA sample. The Plaintiff spent the night in jail and was released the following morning at approximately 8:30 AM.

20.    The Plaintiff was charged with committing traffic violations and felony evading; however, all charges were dismissed on April 25, 2025.

21.    As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and the violation of Plaintiff's State and Federal civil rights.

22.    For the conduct alleged above, Plaintiff hereby bring the following causes of action:

/ / /

KIRAKOSIAN LAW, APC

# FIRST CLAIM FOR RELIE

## Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Officers*)

23.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

24.    On January 18, 2025, the Individual Officers stopped, searched, and seized the Plaintiff's person and vehicle.

25.    The Individual Officers searched and seized Plaintiff's person and property, and did so intentionally, in that the Individual Officers acted with a conscious objective to search and seize Plaintiff.

26.    Specifically, by means of force and a show of authority, the Individual Officers commanded and ordered that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business.

27.    At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

28.    At all relevant times before the Individual Officers conducted the search and seizure, the Individual Officers did not have a warrant to conduct the search and seizure.

29.    At all relevant times before and at the time the Individual Officers conducted the search and seizure, the Individual Officers did not have the express consent of Plaintiff to conduct the search and seizure.

30.    At all relevant times before, during, and after the Individual Officers conducted the search and seizure, the Individual Officers did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

31.    At all relevant times before the Individual Officers conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime. Moreover, Plaintiff is informed and believes, and upon such information and belief, alleges that

KIRAKOSIAN LAW, APC

the Individual Officers observed no facts or circumstances that would lead a reasonable law enforcement officer to believe that Plaintiff had, did, or was about to commit any crime.

32. At all relevant times before the Individual Officers conducted the seizure, the Plaintiff was not subject to a lawful arrest.

33. At all relevant times before and at the time the Individual Officers conducted the search and seizure, there was no lawful or justifiable basis that would justify the scope or length of the search and seizure.

34. At all relevant times before and at the time the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to believe that Plaintiff's might gain possession of a weapon.

35. At all relevant times before the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that Individual Officers might destroy or hide evidence.

36. At all relevant times before the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that there were any exigent circumstances where there was insufficient time to get a search warrant.

37. When conducting the search and seizure, the Individual Officers violated Plaintiff's rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

38. The Individual Officers conducted the search and seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiff.

KIRAKOSIAN LAW, APC

39.   Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime.

40.   Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

41.   Although not required as proof of the unlawful search and seizure, Plaintiff alleges that the Individual Officers acted with either the knowledge and intent to violate Plaintiff's civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff's civil rights.

42.   Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

43.   The Individual Officers  knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

44.   The Individual Officers  knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

45.   The Individual Officers  disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

46.   As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

47.   As described above, conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

48.    Due to the conduct of the Individual Officers, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

49.    The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## SECOND CLAIM FOR RELIEF

### Excessive Force in Violation of 42 U.S.C. § 1983

#### (*Plaintiff Against All Individual Officers*)

50.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51.    As alleged herein, on January 18, 2025, the Individual Officers seized Plaintiff's person.  When doing so, the Individual Officers did so with the use of unnecessary, unreasonable, and excessive force.  Specifically, the use of force aggravated Plaintiff's preexisting injuries, including chronic pain in his lower back and leg. Plaintiff also experienced severe emotional and psychological distress as a result of the unlawful arrest.

52.    At all relevant times, the Individual Officers had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose persons to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

53.    Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable

KIRAKOSIAN  LAW, APC

cause.

54.    At all relevant times and specifically at the time that force was used:

a.    The nature of the crime or other circumstances known to the Individual Officers was not of the type that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

b.    The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff posed an immediate threat to the safety of the Individual Officers or to others;

c.    The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff were actively resisting arrest or attempting to evade arrest by flight;

d.    The Individual Officers had a reasonable amount of time that would lead a reasonable law enforcement officer to determine that a less intrusive and less excessive amount of force would accomplish the lawful objectives of the Individual Officers.

e.    No reasonable law enforcement officer would determine that the amount of force used by the Individual Officers was reasonable or necessary given the need for the use of force;

f.    The Individual Officers made no efforts to temper or limit the amount of force used, and in fact, had equally effective and available alternative methods to accomplish the lawful (or even unlawful) objectives of the Individual Officers;

g.    There was no ongoing criminal actions, violent actions, or security problems that would lead a reasonable law enforcement officer to believe that the amount of force used by the Individual Officers was reasonable, lawful, necessary, or justifiable;

KIRAKOSIAN LAW, APC

h.    There were no officers or persons' lives which were at risk by the circumstances or conduct by Plaintiff that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

i.    It was practical for a reasonable law enforcement officer to give warnings of an imminent intention to use such a degree of force, yet the Individual Officers failed to give such warning;

j.    There was no probable cause for a reasonable officer to believe that Plaintiff had engaged in any violent or threatening conduct, nor were the Individual Officers responding to any calls arising from alleged violence.

55.    The Individual Officers violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Officers violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

56.    No objective facts readily available and known to the Individual Officers could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

57.    Further, the Defendants' actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

58.    Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

59.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

60.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

KIRAKOSIAN LAW, APC

KIRAKOSIAN LAW, APC

61.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

62.    The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

63.    As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

64.    As described above, conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

65.    Due to the conduct of the Individual Officers, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

66.    The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## THIRD CLAIM FOR RELIEF

### Malicious Investigation and Prosecution in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Officers*)

67.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68.    As described herein, the Individual Officers stopped, searched, seized, arrested, and had Plaintiff charged with crimes, and did so intentionally, unreasonably, and without a lawful basis.

69.    Following the Incident, Plaintiff was charged with VC 2800.1(a) – Evading a Peace Officer (Misdemeanor), and VC 21453(a) – Failure to Stop at a Red Light (Infraction). At all relevant times, prior to, during, and after the seizure and arrest of Plaintiff, the Individual Officers knew that Plaintiff had not committed the crimes of VC 2800.1(a) – Evading a Peace Officer (Misdemeanor), and VC 21453(a) – Failure to Stop at a Red Light (Infraction), yet continued their investigation and preparation of reports to criminally charge and prosecute Plaintiff, despite their knowledge of his innocence, and were deliberately indifferent to Defendants' innocence.

70.    Prior to and during the Incident, the Individual Officers fabricated caused to investigate and continue to investigate Plaintiff despite the fact that they knew that Plaintiff was innocent, or deliberately indifferent to Defendants' innocence. Moreover, the results of the investigation were used to criminally charge and prosecute Plaintiff.

71.    Prior to, during, and after the Incident, the Individual Officers deliberately fabricated observations and evidence that the Individual Officers used to initiate criminal charges and prosecution of Plaintiff.

72.    The Individual Officers engaged in deliberate efforts to cover up their own wrongful conduct by providing false statements and testimony, or authorizing or approving false reports, and/or aiding and abetting the preparation, authorization, or approval of false reports to maliciously charge and prosecute Plaintiff of crimes they knew that Plaintiff was innocent, or deliberately indifferent to Plaintiff's innocence.

73.    The underlying criminal case arising from Booking No. 25-00536 was resolved entirely in Plaintiff's favor, with both charges dismissed on April 25, 2025.

74.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk

KIRAKOSIAN LAW, APC

of harm to Plaintiff.

75. The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

76. The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

77. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

78. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

79. As described above, conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

80. Due to the conduct of the Individual Officers, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

81. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

/ / /

KIRAKOSIAN LAW, APC

# FOURTH CLAIM FOR RELIEF

## Negligence

### (*Plaintiff Against All Defendants*)

82.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

83.    At all relevant times, the Individual Officers  had a duty to use reasonable care in their interaction with the Plaintiff and to ensure he is free from foreseeable risks of harm and not to expose him to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff as alleged herein.

84.    As described herein, the Individual Officers breached that duty of care owed to the public and to the Plaintiff by failing to act with the requisite care required and engaging in the violation of Plaintiff's State and Federal claims as set forth in further detail herein.

85.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm to Plaintiff's.

86.    Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

87.    Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

88.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

89.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

90.    The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

91.    As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

92.    At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Vallejo. Pursuant to California Government Code Section 815.2, Defendant City of Vallejo is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

## FIFTH CLAIM FOR RELIEF

### False Arrest / Imprisonment

(*Plaintiff Against All Defendants*)

93.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

94.    As described in detail herein, the Individual Officers searched and seized Plaintiff's person and property, and did so intentionally, in that the Individual Officers acted with a conscious objective to search and seize Plaintiff.

95.    At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

96.    Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

97.    As described in further detail herein, the Individual Officers intentionally deprived Plaintiff of his freedom of movement that Plaintiff did not knowingly or voluntarily consent.

98.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

99.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

100.  The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

101.  As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

102.  At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Vallejo. Pursuant to California Government Code Section 815.2, Defendant City of Vallejo is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

103.  The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## SIXTH CLAIM FOR RELIEF

### Battery

(*Plaintiff Against All Defendants*)

104.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

105.  As alleged herein, on January 18, 2025, the Individual Officers seized Plaintiff's person.  When doing so, the Individual Officers did so with the use of unnecessary, unreasonable, and excessive force.  Specifically, the use of force aggravated Plaintiff's preexisting injuries, including chronic pain in his lower back and leg. Plaintiff also experienced severe emotional and psychological distress as a result of the unlawful arrest. He was receiving psychological care at the time of the incident.

106.  At all relevant times, the Individual Officers had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

107.  Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

108.  The Individual Officers violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Officers violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

109.  No objective facts readily available and known to the Individual Officers could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

110.  Further, the Individual Officers actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

111.  Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

PLAINTIFF'S COMPLAINT FOR DAMAGES

KIRAKOSIAN LAW, APC

112. As described in further detail herein, the Individual Officers intentionally made physical and offensive contacts toward Plaintiff which he did not consent.

113. The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

114. The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

115. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

116. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

117. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Vallejo. Pursuant to California Government Code Section 815.2, Defendant City of Vallejo is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

118. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

/ / /

## SEVENTH CLAIM FOR RELIEF

### Violation of the Bane Act

*(Plaintiff Against All Defendants)*

119.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

120.  California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by violating a person's rights against unlawful searches and seizures, excessive force, and other civil rights violations enumerated herein).

121.  Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

122.  The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and other civil rights violations by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. The Individual Officers violated Plaintiff's State and Federal rights as described in detail herein, all of which acts were done intentionally and with a reckless disregard for Plaintiff's rights.

123.  The conduct of the Individual Officers was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiff as described herein.

124.  Defendant Individual Officers, while working as police officers for the City of Vallejo, and acting within the course and cope of their duties, interfered with

KIRAKOSIAN LAW, APC

or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

125. The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

126. The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

127. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

128. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

129. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Vallejo. Pursuant to California Government Code Section 815.2, Defendant City of Vallejo is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

130. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

131. Due to the conduct of the Individual Officers, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's

damage in a sum to be proved at trial and recoverable pursuant to California Civil Code, Section 52.1 et seq.

### <u>DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff Andrae Watson hereby demands a jury trial on all causes of action and prays for relief and judgment against City of Vallejo and its Individual Officers as follows:

1.    For past and future general damages in an amount to be determined by proof at trial;

2.    For past and future special damages in an amount to be determined by proof at trial;

3.    For punitive and exemplary damages against the Individual Officers;

4.    For reasonable attorneys' fees and costs as provided by statute;

5.    For all penalties  and other special damages as allowable by law;

6.    For costs of suit incurred herein;

7.    For interest; and

8.    For such other and further relief as the Court deems just and proper.

Date:  September 30, 2025          **KIRAKOSIAN LAW, APC**

*/s/ Greg L. Kirakosian*

GREG L. KIRAKOSIAN, esq.
ASTINA T. SHAKILYAN, esq.
*Attorneys for Plaintiff,*
ANDRAE WATSON

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC