UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRAE WATSON,<br><br>             Plaintiff,<br><br>      v.<br><br>CITY OF VALLEJO, et al.,<br><br>             Defendants. | No.  2:25-cv-2814-CKD<br><br><br>ORDER |

Defendants City of Vallejo and Officer Sarah Phipps move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This matter is before the undersigned for all purposes including trial and entry of judgment pursuant to the parties' consent and the court's order of November 3, 2025. For the following reasons, the motion to dismiss is denied.

**I.      Background**

Plaintiff Andrae Watson filed this action on September 30, 2025, against City of Vallejo, Officer Phipps, and Doe defendants. (ECF No. 1.) Under the complaint's allegations, Officer Phipps pulled plaintiff over in Vallejo, CA, on January 18, 2025, at approximately 11:00 p.m. while plaintiff was lawfully driving and had not committed any traffic violations. (Id., ¶¶ 16, 17.) Plaintiff promptly pulled over when he noticed lights and sirens in his rearview mirror. (Id., ¶ 18.) "Officer Phipps' body-worn video ('BWV') and digital in-car footage ('DICV') blatantly

1

contradict Officer Phipps' assertions so that no reasonable officer or juror would find any reasonable suspicion, probable cause, or any justifiable basis to engage in the conduct alleged herein." (Id.)

Officer Phipps and other officers drew weapons, ordered plaintiff out of the vehicle, and arrested him for allegedly evading an officer. (ECF No. 1, ¶¶ 18, 19.) Upon a search of plaintiff's person and vehicle, no evidence of criminal activity was found. (Id.) Plaintiff spent the night in jail and was released the next morning. (Id., ¶¶ 18, 19.) Plaintiff was charged with felony evading and traffic violations. (Id., ¶20.) All charges were dismissed on April 25, 2025. (Id.)

Plaintiff brings claims for (1) Unlawful Search and Seizure [42 U.S.C. § 1983], (2) Excessive Force [§ 1983], (3) Malicious Investigation and Prosecution [§ 1983], (4) Negligence, (5) False Arrest / Imprisonment, (6) Battery, and (7) Violation of the Bane Act. (ECF No. 1, ¶¶ 23-131.)

On December 16, 2025, defendants City of Vallejo and Officer Phipps moved to dismiss plaintiff's first, third, and fifth causes of action for unlawful search and seizure, malicious investigation and prosecution, and false arrest/imprisonment. (ECF No. 8.) Defendants argue these causes of action rely on the absence of probable cause and that justification for plaintiff's arrest is beyond question based on video footage of which they request the court to take judicial notice. (Id. at 2.) The motion to dismiss is fully briefed with plaintiff's opposition and defendants' reply. (ECF Nos. 9, 10.) The court previously found the motion to dismiss suitable for decision without oral argument under Local Rule 230(g) and vacated the hearing set on the motion. (ECF No. 12.)

**II.     Legal Standard for Dismissal Under Rule 12(b)(6)**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

Under the plausibility pleading standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), a plaintiff survives a motion to dismiss by alleging "enough facts to state a claim

2

to relief that is plausible on its face." The complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard however "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

At the Rule 12(b)(6) stage, the court accepts all nonconclusory factual allegations of the complaint as true and construes those facts and the reasonable inferences that follow in the light most favorable to plaintiff. Iqbal, 556 U.S. at 678; see also Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). Legal conclusions not supported by actual factual allegations need not be accepted. Iqbal, 556 U.S. at 678-79.

**III.    Discussion**

**A.  Request for Judicial Notice \ Incorporation by Reference**

Defendants request the court to take judicial notice of the following law enforcement agency records:

A. MP4 audio/video recordings of the body worn camera footage of Officer Phipps (#764) taken during the Incident.

B. MP4 audio/video recording of the vehicle camera footage taken during the Incident.

C. MP4 audio/video recording of the vehicle camera footage taken during the Incident.

D. Police Report (25-634) of subject Incident.

(ECF No. 8-2 at 2.)

In evaluating a motion brought under Rule 12(b)(6), the court's review is ordinarily limited to the content of the complaint and material properly submitted with the complaint. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Defendants argue the court should take judicial notice of the materials submitted because the complaint necessarily relies on the events shown in the videos. (ECF No. 8-2 at 3.) Plaintiff argues the court should not go beyond the complaint and view the footage and that doing so would convert the motion to a motion for

summary judgment. (ECF No. 10.)

Defendants' request for judicial notice is denied. The law enforcement records contained in these exhibits are not the type of readily available public government records appropriate for this court to judicially notice at the Rule 12(b)(6) stage. See Fed. R. Civ. P. 201; J.C. by & through Cain v. City of Vallejo, No. 2:24-CV-01879-JAM-AC, 2024 WL 5146021, at *2 (E.D. Cal. Dec. 17, 2024). In addition, defendants ask the court to draw inferences from the exhibits that contradict the complaint's allegations. The court does not judicially notice disputed factual matters. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Under the incorporation by reference doctrine, the court may *sua sponte* consider materials whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. In re Tesla, Inc. Sec. Litig., 477 F. Supp. 3d 903, 935 n.12 (N.D. Cal. 2020). To the extent documents incorporated by reference contradict any conclusory allegations, the court may decline to accept those conclusory allegations as true. Tritz v. U.S. Postal Serv., 721 F.3d 1133, 1135 n.1 (9th Cir. 2013).

A mere mention of the existence of body-worn camera footage in the complaint would be insufficient to incorporate by reference. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). Here, plaintiff specifically alleges the body worn camera footage in Exhibit A is contrary to Officer Phipps' assertions of probable cause. (ECF No. 1, ¶ 18 ("Officer Phipps' body-worn video ('BWV') and digital in-car footage ('DICV') blatantly contradict Officer Phipps' assertions [that plaintiff committed a traffic violation and then attempted to evade her], so that no reasonable officer or juror would find any reasonable suspicion, probable cause, or any justifiable basis to engage in the conduct alleged herein.").)

In light of plaintiff's specific reliance on the body-worn video, the court *sua sponte* incorporates only the content in Exhibit A relevant to plaintiff's allegations regarding lack of probable cause. See Raudelunas v. City of Vallejo, No. 2:21-CV-00394-KJM-JDP, 2022 WL 329200, at *1 (E.D. Cal. Feb. 3, 2022). Upon incorporating the video footage by reference, however, the court will not rely on it to dispute facts stated in a well-pleaded complaint. See Khoja, 899 F.3d at 1003 (incorporation-by-reference doctrine is designed to prevent artful

4

pleading by plaintiffs; the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim).

### B.  Unlawful Search and Seizure

Defendants argue plaintiff has not alleged a cause of action for unlawful search and seizure because his arrest was not an unlawful seizure and his person and vehicle were lawfully searched because of the arrest. (ECF No. 8 at 5-7.) Defendants also argue Officer Phipps and the Doe officers are entitled to qualified immunity. (Id. at 7-8.)

Defendants argue the officers had probable cause to arrest plaintiff because Officer Phipps observed him

> committing several vehicle code violations, and after Plaintiff willfully fled Officer Phipps' pursuit. During the pursuit, Plaintiff drove at a high rate of speed through city streets, failed to stop at a solid red light, failed to yield to a bicyclist in a marked crosswalk, and eluded Officer Phipps for several city blocks. The pursuit terminated when Plaintiff finally pulled over several blocks from where the pursuit began. Under the totality of the circumstances, the officers had sufficient facts to believe that they had probable cause to arrest Mr. Watson for violation of California Vehicle Code § 2800.2(a).

(ECF No. 8 at 5-6; see also RJN, Ex. A at 00:11-00:57.)

Under the California Vehicle Code, a person is guilty of misdemeanor evading an officer when, "while operating a motor vehicle and with the intent to evade, [the person] willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle" if certain conditions exist, including that the vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen it and the motor vehicle is sounding a siren as may be reasonable necessary. Cal. Veh. Code § 2800.1(a). There is an increased punishment for felony evading an officer when the person evading drives "in a willful or wanton disregard for the safety of persons or property[.]" Cal. Veh. Code § 2800.2(a).

Viewed in the light most favorable to plaintiff, the incorporated video footage does not negate the plausibility of plaintiff's well-pleaded claims premised on absence of probable cause. Defendants do not identify any deficiency in the complaint's factual allegations regarding the absence of probable cause. The court declines to draw inferences from the incorporated video

5

footage contradictory to plaintiff's factual allegations that he was lawfully driving, had not committed any traffic violations, and promptly pulled over when he noticed lights and sirens. (See ECF No. 1, ¶¶ 17-18.) Thus, defendants fail to show the unlawful search and seizure claim should be dismissed because the arrest was not an unlawful seizure and therefore justified the searches.

Defendants are also not entitled to qualified immunity at this stage. Qualified immunity applies when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. District of Columbia v. Wesby, 583 U.S. 48, 62-63 (2018); see also Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Defendants argue the officers acted lawfully by arresting plaintiff for a felony violation of California Vehicle Code § 2800.2 and that even if they erred in judgment by arresting plaintiff, such a mistake is not sufficient for liability. (ECF No. 8 at 8.) This argument that the officers either had probable cause to arrest or that they merely erred in judgment is inconsistent with the complaint's factual allegations that plaintiff was lawfully driving, had not committed any traffic violations, and promptly pulled over when he noticed lights and sirens, such that no reasonable officer would engage in the conduct alleged. (See ECF No. 1, ¶¶ 17-18.) Defendants fail to show qualified immunity can properly be resolved at this stage. See Polanco v. Diaz, 76 F.4th 918, 925 (9th Cir. 2023) (dismissal for qualified immunity is not appropriate at the motion to dismiss stage unless the complaint itself demonstrates that qualified immunity applies).

### C. False and Malicious Investigation and Prosecution

Defendants argue the claim of malicious prosecution fails because, like the unlawful search and seizure claim, it depends on an absence of probable cause. (ECF No. 8 at 9.) This argument is rejected for the same reasons set forth above.

Defendants also argue plaintiff fails to allege specific facts demonstrating how the officers maliciously initiated the prosecution. (ECF No. 8 at 9.) "Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that

6

resulted in the initiation of proceedings." Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004). "However, the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly… knowingly provided misinformation…, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." Id. Defendants acknowledge the complaint alleges the officers fabricated their investigation. Plaintiff's allegations that the officers fabricated their investigation suffice. See Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011) ("A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others—including police officers and investigators—who wrongfully caused his prosecution.").

### D. False Imprisonment

Defendants argue plaintiff's fifth cause of action for false imprisonment fails because the officers had probable cause to arrest plaintiff for a violation of Section 2800.2(a) of the California Vehicle Code. (ECF No. 8 at 10.) This argument is rejected for the same reasons set forth above.

### IV.    Order

For the reasons set forth above, IT IS ORDERED as follows:

1.  Defendants' request for judicial notice is DENIED.

2.  Defendants' motion to dismiss (ECF No. 8) is DENIED.

Dated:  March 2, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 wats25cv2814.mtd

7